IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **NICHOLAS GLADDEN** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Case No.: SAG-25-02801** |
| **BOARD OF EDUCATION OF HARFORD COUNTY,** *et al.* | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Nicholas Gladden ("Plaintiff") brings this action against the Board of Education of Harford County (the "Board"); Jessica Hichkad, individually and in her official capacity as Principal of Joppatowne Elementary School; and Tiffany Gray, individually and in her official capacity as an employee of Joppatowne Elementary School (collectively, "Defendants"). ECF 21. Defendants have jointly filed a motion to dismiss all of Plaintiff's claims, ECF 23, which Plaintiff opposed, ECF 25. Defendants then jointly filed a reply. ECF 26. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, Defendants' motion will be granted in part and denied in part.

## I.    BACKGROUND

The following facts are derived from Plaintiff's complaint, ECF 21, and are assumed to be true for the purpose of this motion.

Plaintiff is the father of two children who attend Joppatowne Elementary School (the "School"). *Id.* ¶ 1. The School scheduled a field trip to the Maryland Zoo for May 15, 2025. *Id.* ¶ 10. In anticipation of that field trip, the School communicated with parents that even if they were

not selected to serve as designated chaperones for the field trip, "they could still attend the field trip independently at the public venue and spend time with their own children." *Id.* ¶ 12. Plaintiff, who was not selected as a chaperone, planned to do so. *Id.* ¶ 14.

On May 13, 2025, Plaintiff's co-parent contacted Defendant Gray and informed her that Plaintiff had an open bench warrant and planned to attend the field trip. *Id.* ¶ 16. Defendant Gray then accessed the Maryland Judiciary Case Search system and communicated the information about the warrant to Defendant Hichkad. *Id.* ¶ 17. That day, Defendant Hichkad contacted Plaintiff and informed him that he was prohibited from attending the field trip and that staff and chaperones had been directed to contact law enforcement if they saw Plaintiff. *Id.* ¶¶ 19–21.

The following day, after Plaintiff had attempted to turn himself in at the local jail, police arrived at Plaintiff's residence and arrested him pursuant to the warrant. *Id.* ¶¶ 22–23, 26. Officers informed Plaintiff that the School had contacted them about the warrant. *Id.* ¶ 24. Plaintiff's co-parent was present when he was taken into custody. *Id.* ¶ 25.

The following morning, the day of the field trip, Plaintiff was released from custody on his personal recognizance. *Id.* ¶ 27. Plaintiff alleges, on information and belief, that Defendants knew that the warrant had been quashed but refused to rescind the directive to contact law enforcement if Plaintiff appeared at the field trip. *Id.* ¶¶ 31–32, 35. Plaintiff alleges that Defendants' actions effectively barred Plaintiff from appearing at the zoo, a public venue, altogether. *Id.* ¶ 41. He further alleges that no other similarly situated parents faced this treatment. *Id.* ¶ 38.

Plaintiff now brings six claims. Count I alleges a procedural due process claim. *Id.* ¶ 48. Count II alleges a First Amendment claim. *Id.* ¶ 49. Count III alleges a Fourth Amendment claim.

*Id.* ¶ 50. Count IV alleges an equal protection claim. *Id.* ¶ 51. Count VI[1] alleges a municipal liability claim pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). *Id.* ¶ 52. Finally, Count VII alleges a claim for conspiracy to deprive Plaintiff of his civil rights pursuant to 42 U.S.C. § 1985(3). *Id.* ¶ 53.

## II.    LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to

---

[1] The complaint does not contain a "Count V."

satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an equal protection claim, because plaintiff failed to allege it in the complaint).

## III.  DISCUSSION

### A. Procedural Due Process Claim

Defendants first challenge Plaintiff's procedural due process claim. To plead such a claim, a plaintiff must show that he was deprived of a protected life, liberty, or property interest and that he was not afforded the minimum procedural protections warranted under the circumstances. *Mallette v. Arlington County Emps.' Supplemental Ret. Sys. II*, 91 F.3d 630, 634 (4th Cir. 1996). Defendants primarily contend that Plaintiff has failed to plead the deprivation of a protected

interest because he lacks a cognizable liberty interest in attending a field trip. Plaintiff responds that he has not alleged that Defendants deprived him of his right to attend a field trip, but rather that they deprived him of his right to be in a public place, namely, the zoo.

This Court agrees with Plaintiff's reading of his own complaint. The complaint alleges that before Defendants became aware of Plaintiff's warrant, the school had informed Plaintiff and other parents that they were free to attend the field trip to spend time with their own children at the zoo. On May 13, Defendant Hichkad informed Plaintiff that he was prohibited from attending the field trip and that law enforcement would be contacted if he were seen at the zoo, a statement that Plaintiff could reasonably interpret as barring him from the zoo, a public place, during the time of the field trip. Because Defendants do not respond to Plaintiff's allegations that they restricted his ability to be in a public place, this Court will deny Defendants' motion on this basis.

Defendants further argue that even if Plaintiff had a protected liberty interest, they provided him sufficient procedural protections. Due Process requires, at minimum, notice and an opportunity to be heard. *Id.* at 640. The particular procedures due depend on the circumstances and require the balancing of several factors. *Id.* Here, Plaintiff alleges that he was provided two days of notice before the field trip and does not allege any opportunity to be heard beyond, presumably, an opportunity to object to Defendant Hichkad when she informed him of her decision. Given the highly context-specific nature of this inquiry, this Court cannot say as a matter of law at this stage that such procedures were adequate. Accordingly, this Court will allow this claim to proceed against Defendant Hichkad at this stage. Because Plaintiff does not allege that Defendant Gray or the Board were involved in making this decision, however, the claim will be dismissed as to them.

## B.  First Amendment Claim

Defendants next argue that Plaintiff has failed to plead sufficient facts to establish a First Amendment violation. The nature of this claim is difficult to discern from the complaint, but Plaintiff argues in his opposition that he has sufficiently alleged a claim based on retaliation for protected speech because "Defendants' enforcement actions continued and escalated after he engaged in protected speech" by challenging the exclusion from the zoo. ECF 25 at 3. Plaintiff's complaint, however, does not allege that Plaintiff engaged in any speech challenging his exclusion from the zoo. The only action that it alleges that Plaintiff took in response to the call from Defendant Hichkad was to attempt to turn himself in at the local jail. ECF 21 ¶ 22. Plaintiff has therefore failed to state a plausible First Amendment claim.

## C.  Fourth Amendment Claim

Defendants further argue that Plaintiff has failed to state a Fourth Amendment claim. The complaint alleges that "Defendants' threat of police intervention constituted a constructive seizure unsupported by probable cause." ECF 21 ¶ 50. Plaintiff's opposition appears to suggest that this claim is also premised on Defendants informing police of Plaintiff's warrant and his later arrest pursuant to that warrant.

This Court concludes that Plaintiff has failed to plead a Fourth Amendment claim. This Court perceives no basis for Plaintiff's theory that Defendants' actions constituted a "constructive seizure." A Fourth Amendment seizure occurs when the circumstances would lead a reasonable person to feel that he is not free to leave. *United States v. Alpert*, 816 F.2d 958, 960 (4th Cir. 1987). Although Plaintiff alleges that Defendants barred him from being present at the zoo, he does not allege that they confined him to any place or restricted his freedom of movement in any way other than barring him from the zoo. Defendants therefore did not seize Plaintiff within the meaning of

the Fourth Amendment. Furthermore, arrest pursuant to a valid warrant does not violate the Fourth Amendment. *Porterfield v. Lott*, 156 F.3d 563, 571 (4th Cir. 1998). Thus, to the extent that Plaintiff premises this claim on Defendants informing police of his warrant and his subsequent arrest pursuant to that warrant, the claim fails on that basis as well.

### D.  Equal Protection Claim

Defendants also challenge Plaintiff's equal protection claim. To state an equal protection claim, a plaintiff must allege that he has been treated differently from other similarly situated individuals because of purposeful discrimination. *Desper v. Clarke*, 1 F.4th 236, 248 (4th Cir. 2021). Plaintiff alleges that "Defendants intentionally treated Plaintiff differently from similarly situated parents without rational basis." ECF 21 ¶ 51. This conclusory allegation fails to sufficiently plead Plaintiff's claim. *See Desper*, 1 F.4th at 249 (dismissing equal protection claim because plaintiff had failed to plead factual allegations suggesting that he was similarly situated to other individuals treated differently); *see also Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 238 (4th Cir. 2021) (same). Here, this Court cannot evaluate whether the other parents were, in fact, similarly situated to Plaintiff because he does not allege any facts to support his conclusory allegation that they were. This Court therefore must dismiss the equal protection claim.

### E.  *Monell* Claim

Defendants next challenge Plaintiff's claim for municipal liability. Section 1983 provides a cause of action against "any person" who, under color of state law, deprives a person of a constitutional right. 42 U.S.C. § 1983. Municipalities, such as the Board here, may be subject to § 1983 liability pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To establish *Monell* liability, the plaintiff must plausibly allege that the plaintiff's constitutional harm stems from the acts of a municipal employee "taken in furtherance of some

municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (quoting *Monell*, 436 U.S. at 694); *see also Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir. 1987). As interpreted by the Fourth Circuit, a "policy or custom" can exist in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)).

Plaintiff alleges that "Defendant Hichkad acted as a final policymaker, and the Board maintained customs permitting exclusion through police threats without due process." ECF 21 ¶ 52. Defendants do not appear to dispute that Defendant Hichkad acted with final policymaking authority, arguing only that Defendant Hichkad did not violate any of Plaintiff's rights. Because this Court will permit the procedural due process claim to proceed at this stage, however, the *Monell* claim premised on Defendant Hichkad acting as a final policymaker may also proceed at this stage. In contrast, the complaint contains no allegations suggesting a custom maintained by the Board, so this claim may not proceed on that basis.

### F. Conspiracy Claim

Finally, Defendants challenge Plaintiff's claim that they conspired to deprive him of his civil rights under 42 U.S.C. § 1985(3). To allege a § 1985(3) conspiracy, a plaintiff must satisfy a "relatively stringent standard." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). Specifically, a plaintiff must prove five elements:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the

plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Id.* at 1376. To survive a motion to dismiss a § 1985(3) conspiracy claim, a plaintiff must allege unlawful intent with "specific facts in a nonconclusory fashion." *Id.* at 1377 (quoting *Gooden v. Howard Cnty.*, 954 F.2d 960, 969–70 (4th Cir. 1992)). Moreover, although a plaintiff need not produce direct evidence of agreement, the facts alleged must reasonably lead to an inference that the conspirators arrived at a mutual understanding to accomplish a common and unlawful plan. *Penley v. McDowell Cnty. Bd. of Educ.*, 876 F.3d 646, 658 (4th Cir. 2017).

Plaintiff contends that Defendants conspired with his co-parent to violate his rights. Although Plaintiff alleges that his co-parent informed the School that Plaintiff had an open warrant and planned to attend the field trip and was present when police arrested him pursuant to the warrant, ECF 21 ¶¶ 16, 25, these facts do not raise a reasonable inference that Plaintiff's co-parent and Defendants came to a mutual understanding to bar Plaintiff from the zoo. Nor does Plaintiff suggest that his co-parent was motivated by any class-based discriminatory animus. This Court will therefore dismiss the conspiracy claim.

## IV.  CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, ECF 23, will be granted in part and denied in part. Plaintiff's claims will be dismissed except for Count I against Defendant Hichkad and Count VI against the Board. A separate Order follows.

Dated: March 5, 2026

                       /s/
Stephanie A. Gallagher
United States District Judge

10