IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| NICHOLAS GLADDEN | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Case No.: SAG-25-02801 |
| v. | * | |
| | * | |
| BOARD OF EDUCATION OF HARFORD | * | |
| COUNTY, *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Nicholas Gladden ("Plaintiff") brought this action against the Board of Education of Harford County (the "Board") and Jessica Hichkad, individually and in her official capacity as Principal of Joppatowne Elementary School (collectively, "Defendants"). ECF 21. This Court previously granted in part and denied in part a motion to dismiss Plaintiff's claims, allowing one claim each to proceed against both the Board and Hichkad. ECF 27, 28. Defendants have now filed a Motion for Reconsideration of that decision, ECF 30, which Plaintiff opposed, ECF 32. Defendants then filed a reply. ECF 38.[1] This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Motion for Reconsideration will be granted in part and denied in part.

---

[1] Two other motions are also pending. One is a Motion for Leave to File a Surreply, ECF 39, which Plaintiff filed in response to Defendants raising qualified immunity for the first time in their reply. Because Defendants raised this argument for the first time in their reply, this Court will not consider it and will deny the Motion for Leave to File a Surreply as moot. The other pending motion is Defendants' Motion for Extension of Time to File Answer, ECF 31, requesting that Defendants be permitted to wait to file their answer until this Court has decided the Motion for Reconsideration. Because this Court is now deciding the Motion for Reconsideration, the Motion for Extension of Time will also be denied as moot.

## I.    BACKGROUND

The following facts are derived from Plaintiff's complaint, ECF 21, and are assumed to be true for the purpose of this motion.

Plaintiff is the father of two children who attend Joppatowne Elementary School (the "School"). *Id.* ¶ 1. The School scheduled a field trip to the Maryland Zoo for May 15, 2025. *Id.* ¶ 10. In anticipation of that field trip, the School communicated with parents that even if they were not selected to serve as designated chaperones for the field trip, "they could still attend the field trip independently at the public venue and spend time with their own children." *Id.* ¶ 12. Plaintiff, who was not selected as a chaperone, planned to do so. *Id.* ¶ 14.

On May 13, 2025, Plaintiff's co-parent informed the School that Plaintiff had an open bench warrant and planned to attend the field trip. *Id.* ¶ 16. That day, Hichkad, the School principal, contacted Plaintiff and informed him that he was prohibited from attending the field trip and that staff and chaperones had been directed to contact law enforcement if they saw Plaintiff. *Id.* ¶¶ 19–21.

The next day, law enforcement officers arrested Plaintiff pursuant to the warrant. *Id.* ¶¶ 23, 26. Plaintiff was released from custody on his personal recognizance the following morning, the day of the field trip. *Id.* ¶ 27. Plaintiff alleges, on information and belief, that Defendants knew that the warrant had been quashed but refused to rescind the directive to contact law enforcement if Plaintiff appeared at the field trip. *Id.* ¶¶ 31–32, 35. Plaintiff alleges that Defendants' actions effectively barred Plaintiff from appearing at the zoo, a public venue, altogether. *Id.* ¶ 41.

In its prior Memorandum Opinion deciding the motion to dismiss, this Court concluded that Plaintiff had sufficiently pled a procedural due claim pursuant to 42 U.S.C. § 1983 against Hichkad in both her individual and official capacities and a municipal liability claim pursuant to

§ 1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), against the Board. *See* ECF 27.

## II.    LEGAL STANDARD

Interlocutory orders, or orders that do not involve final judgment as to all parties and all claims in a case, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The decision to revise an interlocutory order lies within the discretion of the district court. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). This discretion, however, is not "limitless," and the Fourth Circuit has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *U.S. Tobacco Coop. Inc. v. Big. S. Wholesale of Va., LLC*, 899 F.3d 236, 256–57 (4th Cir. 2018) (quoting *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). Accordingly, a district court may revise an interlocutory order under the same circumstances as it may depart from the law of the case: (1) a subsequent proceeding that reveals substantially different evidence, (2) an intervening change in the applicable law, or (3) "clear error causing manifest injustice." *Id.* at 257 (quoting *Carlson*, 856 F.3d at 325).

## III.    DISCUSSION

In their Motion for Reconsideration, Defendants invoke only the third circumstance warranting revision, alleging a "clear error causing manifest injustice." Specifically, Defendants argue that this Court erred in treating the Board as a municipality and Hichkad as a municipal official who could both be subject to suit under § 1983 and *Monell*. This Court notes that in their motion to dismiss briefing, Defendants treated the Board as a municipality and Hichkad as a municipal official and made arguments premised on the applicability of *Monell*. *See* ECF 23-1 at

16–19. Now, however, they argue that *Monell* does not apply because the Board is a state agency and Hichkad is a state official who cannot be sued under § 1983.

Section 1983 subjects to suit "[e]very *person* who, under color of [state law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." (Emphasis added). State agencies are not "person[s]" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In Maryland, county school boards constitute state agencies, rather than municipal bodies. *Bd. of Educ. v. Zimmer-Rubert*, 409 Md. 200, 206 (2009). Accordingly, courts in this district have consistently concluded that Maryland county school boards are not "persons" subject to suit under § 1983. *See, e.g.*, *Schiffbauer v. Schmidt*, 95 F. Supp. 3d 846, 851–52 (D. Md. 2015). Furthermore, state officials acting in their official capacities similarly do not constitute "person[s]" within the meaning of § 1983. *Will*, 491 U.S. at 71.

Thus, the law is clear that neither the Board nor Hichkad in her official capacity constitute a person subject to suit under § 1983. Moreover, it would cause a manifest injustice to subject Defendants to suit on claims that § 1983 itself does not authorize. Although this Court does not condone Defendants' manner of proceeding in this case, first making an argument premised on the applicability of *Monell* and now arguing that *Monell* does not apply in the first instance, this Court must conclude that they have established a clear error causing manifest injustice as to the *Monell* claim and the claim against Hichkad in her official capacity. Accordingly, the Motion for Reconsideration will be granted as to those claims.

Defendants have failed to establish clear error causing manifest injustice, however, as to the claim against Hichkad in her individual capacity. Defendants merely raise the same argument

that this Court already rejected, that Hichkad's conduct did not constitute a constitutional violation. For the reasons explained in this Court's prior Memorandum Opinion, ECF 27 at 5–6, this claim may proceed, and the Motion for Reconsideration will be denied as to this claim.

## IV.  CONCLUSION

For the reasons stated above, the Motion for Reconsideration will be denied as to the claim against Hichkad in her individual capacity and granted as to the claim against Hichkad in her official capacity and the claim against the Board. A separate Order follows.


Dated: June 8, 2026                                    _____/s/_____
                                                       Stephanie A. Gallagher
                                                       United States District Judge