**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NICHOLAS GLADDEN** | * | |
| **Plaintiff,** | * | **Civil Case No.: SAG-25-02801** |
| **v.** | * | |
| **JESSICA HICHKAD, *et al.*** | * | |
| **Defendants.** | * | |

* * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Nicholas Gladden ("Plaintiff"), who is self-represented, has filed a motion for leave to file a Second Amended Complaint against existing defendant Jessica Hichkad, individually and in her official capacity as Principal of Joppatowne Elementary School, and prospective new defendant "Officer Hoffman, ID No. 1448." ECF 49. Defendant Hichkad has opposed the motion, ECF 53, and Plaintiff filed a reply, ECF 56. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, Plaintiff's motion will be denied.

## I. PROCEDURAL HISTORY

Plaintiff first filed this lawsuit on August 25, 2025. ECF 1. The defendants at that time included the Board of Education of Harford County ("the Board"), Hichkad, and another individual defendant and the allegations involved Defendants' actions related to a Maryland Zoo field trip in May, 2025 ("the Zoo incident"). *Id.* at 2. Following some issues regarding service and the filing of an Amended Complaint, this Court ruled on a Motion to Dismiss on March 5, 2026, dismissing the case against the other individual defendant and dismissing all claims against Hichkad except for a procedural due process claim. ECF 27, 28. This Court subsequently dismissed Plaintiff's

claim against the Board in its ruling on a motion for reconsideration. ECF 40, 41. A scheduling order issued on June 30, 2026 and discovery on the procedural due process claim against Hichkad ensued. ECF 43.

On August 17, 2026, Plaintiff filed the instant motion seeking leave to file the Second Amended Complaint ("SAC"). ECF 49. The proposed SAC contains four counts. ECF 49-1 ¶¶ 242–98. In addition to the procedural due process claim in Count I, it attempts to reassert an equal protection claim this Court previously dismissed in Count II. *Id.* ¶¶ 242–66. It also includes two new counts against Hichkad and "Officer Hoffman, ID No. 1448," relating to events that occurred on June 15, 2026, when Hichkad informed Defendant Hoffman, the School Resource Officer ("SRO"), that Plaintiff's brother, Timothy Aaron Gladden Sr. ("Timothy"), had an active warrant for his arrest. *Id.* ¶¶ 9, 11, 267–98. The SRO then prevented Timothy from picking up Plaintiff's children at school, without notifying Plaintiff. *Id.* ¶¶ 12, 16. Plaintiff's children were released from school, learned that there was no adult there to pick them up, and had to wait in Hichkad's office for another family member (who was ten minutes away) to arrive to retrieve them. *Id.* ¶¶ 17, 200, 206. Plaintiff asserts that he experienced "resulting parental and emotional injury." *Id.* ¶ 224. He advances claims for civil conspiracy (Count III) and First Amendment retaliation (Count IV) relating to those events of June 15, 2026.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be

denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012) (per curiam). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Hichkad contends that the proposed amendment would be futile. ECF 53. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Wright & Miller, Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v.*

*City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III. ANALYSIS

### A. June 15, 2026 Claims (Counts Three and Four)

Hichkad contends that Officer Hoffman is not properly joined as a defendant in this action. ECF 53. Joinder of defendants is proper where (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Supreme Court has articulated that, with respect to joinder, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Even under that standard, this Court is unpersuaded that these two unrelated incidents, occurring more than a year apart, constitute a "series of transactions or occurrences" such that they should be part of the same case. The Zoo incident involves a direct action taken against Plaintiff—the alleged deprivation of his liberty interest to go to the Zoo, without affording him procedural due process. The June, 2026 incident involved the arrest of Plaintiff's brother and, because the brother was unavailable for school pickup, some ramifications for Plaintiff's children. Plaintiff himself was not present and suffered no direct consequence. Additionally, Hoffman had no involvement in the Zoo incident, but did play a role in the events of June, 2026. The only commonality is that both incidents include Hichkad, who regularly interacts with Plaintiff's family

as the Principal of his children's school. Particularly given that discovery has been underway for several months regarding the Zoo incident, it would be unfair to Hichkad to add a new defendant and an entirely separate incident to this existing procedural due process lawsuit. And it would prejudice both proposed defendants for these two unrelated incidents to be tried together. Thus, even assuming that Plaintiff can state a viable cause of action relating to the events of June 15, 2026,[1] those claims should be brought in a separate lawsuit. This Court declines to permit amendment to add those allegations and counts to the instant action.

**B. Equal Protection—Class-of-One Claim (Count Two)**

Plaintiff also seeks to re-allege an Equal Protection claim in the proposed SAC, describing his claim as "class of one." ECF 49-1 at 27–31. "In some circumstances, a party can base an equal protection claim on a 'class-of-one' theory of liability by showing that he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment." *Kuplen v. Perry*, No. 1:14cv109, 2014 WL 1672570, at *5 (M.D.N.C. Apr. 24, 2014) (brackets and certain internal quotation marks omitted), report and recommendation adopted, No. 1:14cv109, 2014 WL 2212174 (M.D.N.C. May 28, 2014). "However, courts approach class-of-one claims with caution, particularly where a decision involves a great deal of discretion, because of the danger of turning all government decisions into constitutional causes of action." *Id.* (internal quotation marks omitted); *see also, e.g.*, *United States v. Moore*, 543 F.3d 891, 901 (7th Cir. 2008) (explaining that "the class-of-one theory is better suited to those contexts involving a clear standard against which departures, even for a single individual, could be readily assessed" (brackets and

[1] Whether Plaintiff can establish standing to assert claims relating to the June, 2026 incident, and whether the legal claims he attempted to assert in the proposed SAC are viable, are questions this Court declines to address here.

internal quotation marks omitted)). As the Supreme Court has explained, class-of-one claims are not appropriate in all contexts:

> There are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

*Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603 (2008).

The question of "who should be permitted to attend a school field trip in a public venue" is one example of such discretionary decisionmaking by school officials. Plaintiff tries to couch the question as whether all parents were screened for criminal history or warrant status, but that is not the relevant inquiry. The issue is whether other parents were denied the opportunity to go to the Zoo. And Plaintiff has not pleaded that any other parent known by school officials to have an open warrant or similar criminal status was treated differently. Absent such allegations, he has not plausibly established that he was treated differently than persons who are in "like circumstances or conditions," even if a "class of one" claim were appropriate in this context. Accordingly, his attempt to reallege an Equal Protection claim is also futile.

## IV. CONCLUSION

Because the new causes of action in the proposed SAC would be either prejudicial or futile, this Court will deny Plaintiff's motion for leave to amend, ECF 49, and the case will continue in discovery as to the procedural due process claim.[2] A separate order follows.

Dated: September 22, 2026

/s/
Stephanie A. Gallagher
United States District Judge

[2] This Court has not separately assessed whether the proposed SAC added additional factual allegations regarding the Zoo incident that might be relevant to the existing procedural due process claim against Hichkad. If that is the case, this Court will entertain a revised motion for leave to file a more limited amended complaint to add those allegations.